## McGUIGAN *v.* JAEGER.

WILLS; TESTAMENTARY INTENT.

1. Where apt language is used in a will to constitute a testamentary devise or bequest, and such language is followed by vague and general expressions, the former must prevail unless it is clear that an irreconcilable repugnancy exists; and to determine that question the apparent intent of the testator must be considered.

2. A will made on a partly printed form, the first paragraph of which recites "I give, devise and bequeath to my husband, F. J. all of my real estate and personal property of which I may be possessed of at the time of my death, also any other interest that I have in any manner belonging to me, I bequeath to my dear husband to have and hold the same as if I was living," followed by a paragraph intended for use in making a residuary devise or bequest, but in which a line of ink is drawn through the blanks intended for the names of the residuary devisees or legatees,—is not so meaningless and inconsistent as to be inoperative, on account of the words "to have and hold as if I was living," it being the apparent intent of the testatrix to give her entire estate to her husband. The words last quoted will be treated as surplusage and disregarded. (Citing *Kultz* v. *Jaeger*, 29 App. D. C. 300.)

No. 2198.   Submitted December 8, 1910.   Decided January 3, 1911.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action of ejectment.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. H. B. Moulton* and *Mr. John Ridout* for the appellant.

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a judgment for the defendant, Frank Jaeger, appellee here, in the supreme court of the District of Columbia in an action of ejectment.

Appellee justifies his possession under the will of his wife. Appellant, Christina V. McGuigan, contends that the will is meaningless and inoperative. In the making of this will a printed form was used. The language used in the second paragraph gives rise to this controversy, and is as follows: "Second, I give, devise and bequeath to my husband Frank Jaeger all of my real estate and personal property of which I may be possessed of at the time of my death, also any other interest that I have in any manner belonging to me, I bequeath to my dear husband to have and hold the same as if I was living." Appellant insists that the words "to have and to hold the same as if I was living" controls the whole paragraph, and is so inconsistent with the first clause thereof as to destroy the whole.

The third paragraph of the printed form was for use in making a residuary devise, but was not used, the will showing that a line in ink was drawn through the blank spaces in which the names of the beneficiaries were to appear. In the next, or fourth, paragraph, the testatrix named appellee executor without bond. In addition, this clause contains the following: "Further, it is my will and desire that *the foregoing devise*

of this will shall operate upon and pass all real estate hereafter acquired and owned by me at the time of my death, and shall take effect as if made on the last day of my life."

A contest was instituted against the allowance of this will which resulted in a verdict in the supreme court sustaining the will. The case was appealed to this court (*Kultz* v. *Jaeger,* 29 App. D. C. 300), and it was then contended, *inter alia,* "that the alleged will should be held to be an incomplete testamentary paper, because as it is written it is meaningless, and because the names of the residuary devisees and legatees were never inserted in the blank spaces intended for such names." This court held:

"This paper not only appoints an executor, but intends to devise and bequeath real and personal property, in language which we do not here need to interpret, and also contains a residuary clause with two blanks for names, the effect of which we need not here consider. It suffices upon these issues to say that the whole paper, taken together, shows on its face that it was executed *animo testandi;* that the person who executed it did so intending to dispose of all her estate, and to name her executor; and it was witnessed properly as a will conveying real estate. The contents and execution of the paper conclusively prove it to be in that sense a complete paper,— a testamentary disposition of property, which should be admitted to probate. Whether the devises and bequests, or any of them, be invalid or in part ineffective, we may not, upon these issues, inquire. The formal paper contains the blanks where the names of the residuary beneficiaries should appear, but the omissions do not determine that the testatrix did not intend the paper, as it stood, to be her will. On the contrary, it is a complete and finished paper, executed and published *animo testandi,* without anything further to be done in order to perfect it. These omissions alone do not make it an invalid will."

Where apt language is used in a will to constitute a testamentary devise or bequest, and this language is followed by vague and general expressions, the former must prevail un-

less it is clear that an irreconcilable repugnancy exists; and to determine that question, the apparent intent of the testator must, of course, be considered. Underhill, Wills, p. 487. In this case the testatrix, in plain and positive terms, devised and bequeathed to her husband, the appellee, her entire estate, both real and personal. Had she then stopped, there would have been no occasion for this contest. The words following this absolute gift are in the nature of a residuary clause; and while ambiguous, it is reasonably certain that the testatrix thereby intended, as to any remaining property, to put her husband in her place; that is, to give him such property. Certainly this clause is not so inconsistent with what precedes it as to demand the striking down of the disposition already made. Moreover, if a semicolon, instead of a comma, is inserted between the two clauses, that is, between the words "death" and "also," all ground for the contention made is removed. The use of the word "also" indicates that such should have been the punctuation. Her entire estate having been disposed of, there was no necessity for filling in her husband's name, or any other name, in the blank spaces in the printed residuary paragraph. That this was the view entertained when the will was executed is evident from the fact that lines were penned through those blank spaces. The reference in the concluding paragraph to "the aforegoing devise," and the declaration of the testatrix that the will should operate upon and pass all real estate thereafter acquired, is further evidence that the testatrix intended to devise, and thought she had devised, her estate to her husband.

An examination of the whole will convinces us that it was the intent of this testatrix to give her entire estate to her husband, and that the inartificial language relied upon by the appellant to defeat that intent may be treated as mere surplusage and disregarded, and the obvious intent of the testatrix permitted to control.

The judgment will therefore be affirmed, with costs.

*Affirmed.*